The STATE of Ohio, Appellee,

v.

GEDEON, Appellant.

[Cite as *State v. Gedeon* (1992), 81 Ohio App.3d 617.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–024.

Decided July 1, 1992.

*Ronald Graham,* City Prosecutor, for appellee.

*James K. Farrell, Jr.,* for appellant.

FORD, Presiding Judge.

Appellant, Robert C. Gedeon, appeals from a judgment of conviction for driving while being over specified limits, R.C. 4511.19(A)(3).

Patrolman Jack Donahue was driving northbound on Jackson Street when he first noticed appellant driving his automobile. The patrolman testified that appellant's rear window was completely covered with snow and that he was weaving within his own lane. The patrolman continued to follow appellant when he turned onto Jackson Street in an eastbound direction and observed appellant weave within his lane three more times. Appellant was then stopped.

Based on the preceding, appellant filed a motion to suppress the test results of his coordination and/or safety, any statements made by him and all observations made by the police officers who stopped or arrested him. This motion was overruled. Appellant pleaded no contest preserving his right to appeal.

Appellant's sole assignment of error is that the trial court erred to his prejudice in overruling the motion to suppress any and all evidence obtained by the Mentor police because a vehicle with snow on the back window, weaving within its lane, is not a specific and articulable fact sufficient to create a reasonable suspicion of criminal behavior allowing an investigative stop.

The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if the officer has a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. An individual operating an automobile cannot be stopped if an officer does not possess the requisite reasonable suspicion based on specific and articulable facts. *State v. Heinrichs* (1988), 46 Ohio App.3d 63, 545 N.E.2d 1304.

In *Columbus v. Quinn* (Dec. 17, 1987), Franklin App. No. 86AP–1079, unreported, 1987 WL 28458, the court found that when an officer observes a driver varying his speed between thirty-five and forty-five miles per hour and weaving within the same lane, these observations are sufficient to stop the driver and investigate. In so saying, the *Quinn* court cited *State v. Aleshire* (Aug. 5, 1986), Franklin App. No. 85AP–869, unreported, 1986 WL 8671. In *Aleshire,* the court found that when an officer views a car weaving within its lane and occasionally hitting the yellow line, the officer may stop the driver and investigate. *Quinn, supra,* at 3–4. The court stated that the investigation is justified in order to ascertain the cause of the erratic driving. *Id.* at 4.

Additionally, in *State v. Hilleary* (May 24, 1989), Miami App. No. 88–CA–5, unreported, at 5, 1989 WL 55637, the court held that when an officer observes a car weaving within its lane in an area where an extremely high number of DUI arrests were made, the officer had a reasonable suspicion to stop the driver and investigate.

Likewise, in *Montpelier v. Lyon* (May 1, 1987), Williams App. No. WMS–86–16, unreported, 1987 WL 10630, the court found that when the officer observed a driver weaving within his lane during the early morning hours, this was sufficient to justify an investigative stop. *Id.* at 2. The court elaborated: "[w]eaving, whether within or outside one's lane, is indicative of erratic driving which authorizes the police to stop a vehicle."

Based on the foregoing, weaving within one's lane alone presents a sufficient scenario for an officer to conduct an investigative stop. In this case, as previously stated, appellant's rear window was also snow-covered. At the suppression hearing, the patrolman testified that he did not know whether having a snow-covered window violated a specific ordinance, but that it was a consideration in making the stop. Therefore, the stop was also predicated at least in part on safety concerns. This presents even a stronger fact pattern to conclude that under the totality of the circumstances, *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, the patrolman relied on specific articulable facts to stop appellant pursuant to *Terry, supra.*

Based on the foregoing, the judgment of the trial is affirmed.

*Judgment affirmed.*

CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.