OPINION
Defendant-appellant, James R. Myers, appeals from his conviction and sentence for operating a motor vehicle while under the influence of alcohol in violation of 4511.19(A). Appellant argues that the trial court erred by failing to suppress certain evidence.
On October 26, 1996, appellant was arrested and charged with driving while under the influence of alcohol. Appellant filed a motion to suppress evidence on the ground that the police officers who arrested him for driving under the influence did so after unconstitutionally stopping the automobile he was driving. Following a hearing held on December 16, 1996, the trial court overruled the motion to suppress. Appellant withdrew his prior plea of not guilty and entered a plea of no contest to the charges against him.
The essential facts are not in dispute. At approximately 2:45 p.m. on October 26, 1996, Officer David Brinkman of the Middletown Police Department was on his way home from work. Officer Brinkman was stopped at a red light preparing to turn. Officer Brinkman then observed a white car, driven by appellant, heading straight through the intersection. Officer Brinkman testified at the hearing on the motion to suppress that he noticed the white car because "[i]t looked like the vehicle was having trouble stopping, making a very jerky motion attempting to stop for the red light." Officer Brinkman testified that based upon this jerky stop he decided to keep his eye on the white car. As the white car pulled away, Officer Brinkman observed the car "weave going towards the right side of the roadway, towards the curb."
Officer Brinkman waited for traffic to clear and switched lanes to follow appellant's vehicle. There was another car between Officer Brinkman's car and appellant's vehicle. Officer Brinkman followed appellant's vehicle to Shafor Street, approximately two blocks. As appellant executed a right turn onto Shafor, he made a "very slow turn." At this point, Officer Brinkman was able to read the license number of the vehicle which he called into the police dispatch on his portable radio. Officer Brinkman continued to follow appellant's vehicle with another vehicle still between him and appellant's vehicle.
The vehicles traveled five or six blocks. During this time, Officer Brinkman indicated that appellant's vehicle "weaved within its lane" three or four times. Appellant then executed a left turn onto Central Avenue. While eastbound on Central Avenue, Officer Brinkman testified that he observed appellant's vehicle again weave three times within its lane. Based on his observations, Officer Brinkman called in to police dispatch a possible "D and O" (drunken operator).
Officer Jeffrey Chase was on duty in his patrol car in the vicinity of Central Avenue when Officer Brinkman called in the possible D and O. Officer Chase was traveling westbound on Central Avenue when he made radio contact with Officer Brinkman. Officer Chase executed a U-turn and began to follow appellant's vehicle down Central Avenue. Officer Chase observed appellant's vehicle "weave from one side of the, of his marked lane to the other side up against the curb, curb lane." After following appellant's vehicle for approximately three blocks, Officer Chase activated his emergency lights and stopped appellant's vehicle.
As Officer Chase walked toward appellant's vehicle, appellant stepped out of the vehicle. Officer Chase testified that appellant "was staggering, could hardly stand up * * * [and] had slurred speech, had a strong odor of alcoholic beverage upon his person." Officer Chase attempted to have appellant perform some field sobriety tests but was unsuccessful because appellant was so intoxicated Officer Chase "had a hard time communicating with him." To ensure the safety of appellant and himself, Officer Chase placed appellant under arrest and removed him to the police station for further testing.
In a single assignment of error, appellant argues that the trial court erred in failing to grant his motion to suppress. In reviewing a motion to suppress, an appellate court must determine whether the trial court's findings are supported by competent, credible evidence. State v. Rutherford (1994), 93 Ohio App.3d 586. If the findings are supported by competent, credible evidence, we must accept the facts as true and proceed to independently determine whether they meet the applicable legal standard. Id.
It is well-established that the investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if the officer has reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868. The reasonableness of the police officer's investigative stop of an automobile must be viewed in light of the totality of the surrounding circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, syllabus.
Appellant accepts Officer Chase's reliance on Officer Brinkman's observations as the basis for reasonable suspicion. Appellant argues that neither officer observed appellant violate any traffic laws or drive in such a manner that others were put in danger. This court has held that "the fact that appellant's weaving may not have constituted a separate traffic offense * * * does not require a finding that the arresting officer lacked reasonable and articulable suspicion." State v. Hornbeck (May 11, 1992), Clermont App. No. CA91-08-062, unreported, following State v. Tracey (Apr. 27, 1987), Madison App. No. CA86-10-023, unreported.
Further, the Second District Court of Appeals has concluded that "weaving within one's lane alone presents a sufficient scenario for an officer to conduct an investigative stop." State v. Gedeon (1992), 81 Ohio App.3d 617, 618. However, in State v. Spikes (June 9, 1995), Lake App. No. 94-L-187, unreported, the Second District modified its holding in Gedeon and stated that the "court must evaluate the totality of the circumstances surrounding the stop before arriving at such a cursory conclusion that weaving in one's lane alone is a sufficient basis on which to make an investigatory stop."
We have examined this investigative stop in light of the surrounding circumstances. Officer Brinkman's observations of appellant's jerky stop, weaving within his lane of travel and his slow right turn, coupled with Officer Chase's observations of appellant weaving within his lane of travel, constitute specific and articulable facts which support a conclusion that Officer Chase had a reasonable suspicion that appellant was involved in criminal activity at the time of the stop.
Appellant's assignment of error is therefore overruled. Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.