OPINION
This is an accelerated appeal from the Mentor Municipal Court. Appellant, Guy Schoenfeld, appeals from his conviction for driving under the influence of alcohol in violation of R.C.4511.19(A)(1).
On the evening of February 27, 1998, appellant was driving on State Route 20 in the City of Mentor. Directly behind him was a vehicle being driven by Keith Hankins. Hankins observed appellant swerve into the left-hand lane twice from the right-hand lane. This prompted Hankins to place a cellular telephone call to the Mentor Police Department. He told the dispatcher that appellant was weaving and may be intoxicated. The dispatcher notified Patrolman Jay James of the situation and Patrolman James quickly located appellant's vehicle. He followed appellant for a distance of approximately one-quarter of a mile before stopping him. In that time period, Patrolman James observed appellant cross into the left-hand lane on one occasion and then jerk back into his own lane.
Based upon the information he received from the dispatcher in addition to his own observation of appellant violating Mentor Ordinance Section 73.09, a marked lane violation, Patrolman James stopped appellant's vehicle. Following appellant's refusal to perform field sobriety tests or take a breathalyzer, appellant was cited for driving under the influence of alcohol, driving under suspension, a marked lane violation, and a seat belt violation.
On April 20, 1998, appellant filed a motion to suppress evidence claiming that the stop of appellant was improper as it was based solely on the unreliable word of a citizen using a cellular phone. A suppression hearing was conducted on May 4, 1998, and appellant's motion was denied on that same day. On May 18, 1998, appellant entered a plea of no contest to the charges of driving under the influence and driving under suspension. The other charges were dropped and appellant was sentenced accordingly.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error:
 "The trial court erred in failing to grant Defendant-Appellant's Motion to Suppress."
 In his sole assignment of error, appellant contends that the trial court erred in denying his motion to suppress.
In State v. Gedeon (1992), 81 Ohio App.3d 617, this court stated:
 "The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if the officer has a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. Terry v. Ohio
(1968), 392 U.S. 1, * * *. An individual operating an automobile cannot be stopped if an officer does not possess the requisite reasonable suspicion based on specific and articulable facts. State v. Heinrichs (1988), 46 Ohio App.3d 63, * * *." (Parallel citations omitted.) Id. at 618.
 Additionally, a court must examine "the totality of the surrounding circumstances" which provide the basis of the officer's suspicion in determining whether an investigative stop was proper. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. Before an officer may stop a vehicle, "he must observe some indicia of erratic driving." State v. Spikes (June 9, 1995), Lake App. No. 94-L-187, unreported, at 6. While this court has held that a tip made to the police department, without more, may not be sufficient to give rise to the requisite reasonable suspicion, it will be sufficient if the stop is challenged and the state is able to show the factual basis for the dispatch and stop. Cf. City of Kent v.
Whitis (Aug. 9, 1996), Portage App. No. 95-P-0119, unreported at 4-5 and State v. Evans (Mar. 27, 1998), Geauga App. No. 97-G-2069, unreported, at 8-9. The factual basis of the tip must, at some point, be proven in court in order to form the foundation of the officer's reliance.
In the present case, the state presented the testimony of the citizen who made the original call to the police, Keith Hankins. He described how appellant had pulled out from a bar and cut him off twice. Appellant then almost hit another automobile and was swerving down the road. Hankins gave the police the license plate number from appellant's vehicle. Patrolman James spotted appellant's vehicle as well as the vehicle being driven by Hankins. He followed appellant for approximately one-quarter of a mile and witnessed appellant violate the marked lanes ordinance by crossing his left-hand side wheels over the striped line into the next lane and then jerking back his vehicle into his own lane.
Thus, in the instant action, the dispatch was based upon the reliable report of Keith Hankins, who was almost a victim of appellant's drunk driving. See State v. Claiborne (Jan. 24, 1997), Montgomery App. No. 15964, unreported, 1997 WL 24792, at *4, quoting with approval State v. Blagg (Mar. 7, 1995), Franklin App. No. 94APC07-1074, unreported, which stated: "a citizen-informant who is the victim of or witness to a crime is presumed reliable." Hankins' testimony was tested under cross-examination at the suppression hearing and was sufficient to form a basis for the officer's reliance. Then, Patrolman James independently corroborated the dispatch report by following appellant and witnessing appellant violate the marked lanes ordinance. Hence, Patrolman James clearly had both reasonable suspicion and probable cause sufficient to justify the stop of appellant. He had reasonable suspicion that appellant was driving under the influence and probable cause that appellant had violated the traffic laws.
Based upon the foregoing analysis, the trial court properly denied appellant's motion to suppress. Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.