Although I agree with the majority's analysis concerning the effect of the failure to follow the requirements of App.R. 9, I would also indicate that the statement of facts set forth in appellant's brief supports the conclusion that the investigative stop in this case was proper. Thus, even if appellant had attached a written copy of the transcript to his appellate brief, his conviction on the two "drunk driving" charges still would have been upheld.
Specifically, I would note that, even under appellant's own version of the testimony given at the motion hearing, the arresting officer stated that he saw appellant's vehicle weave totally across his lane of traffic three times within seven-tenths of a mile. In my opinion, these actions constituted substantial weaving which, in and of itself, would be sufficient to establish erratic driving on appellant's part. See State v. Parkison (Apr. 11, 1997), Lake App. Nos. 96-L-101 and 96-L-120, unreported, 1997 Ohio App. LEXIS 1468.
Furthermore, according to appellant, the arresting officer testified that appellant's headlights appeared to be dim. As dim lights could easily be viewed as posing a safety hazard, this fact could also be considered as a partial justification for the stop. See State v. Gedeon (1992), 81 Ohio App.3d 617, 619.
Taken as a whole, the factual assertions in appellant's brief indicate that sufficient testimony was presented to support a finding of a reasonable suspicion on the arresting officer's part. Therefore, even if appellant had complied with App.R. 9, he would not have been able to show that the trial court erred in denying his motion to suppress.