DECISION AND JOURNAL ENTRY
On July 28, 1999, in the Wayne County Municipal Court, Michael O. Flanagan pled no contest to, and was convicted of, operating a motor vehicle with a breath-alcohol concentration ("BAC") above the specified limit, in violation of R.C.4511.19(A)(3), and possessing marijuana, in violation of R.C.2925.11(A). Flanagan has appealed from this conviction.
Flanagan argued that the trial court erred in overruling his motion to suppress evidence. This court overrules the assignment of error, and affirms the judgment of the trial court.
 I
At approximately 11:20 p.m. on May 27, 1999, Deputy Eric McFarren, of the Wayne County Sheriff's Office, was heading westbound in light traffic on Lincoln Way, U.S. 30.[1]
Lincoln Way is four lane divided highway. While patrolling it, the Deputy observed a white pickup truck "jerk in the lane, weaving within the lane." Deputy McFarren followed the truck as it weaved within its lane for a half mile. He testified that the pickup truck's tires did not touch or go over the fog line. He also testified, however, that the weaving within the lane was different from normal weaving in the lane. According to Deputy McFarren:
 I stayed behind the vehicle and watched the movements and it was weaving within the lane[;] normally weaving within the lane would * * * be a gradual weaving[;] this weaving was very sporadic, very quick in movement.
 Based on these observations of erratic driving, Deputy McFarren followed the "vehicle as a suspicion of a possible DUI."
Deputy McFarren stopped the truck. After approaching the truck, Deputy McFarren detected an odor of alcohol. Flanagan, the driver, admitted he had consumed two beers. The Deputy also found marijuana and an open container of alcohol in Flanagan's truck.
Deputy McFarren performed field sobriety tests, which Flanagan failed, and arrested Flanagan for driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1), and for driving with a prohibited BAC. The State later supplemented the charges against Flanagan with the additional charges of possession of an open container, a violation of R.C. 4301.62, and possession of marijuana.
Flanagan moved the trial court to suppress the evidence the State had obtained as a result of the traffic stop. Flanagan argued that the stop was unlawful because weaving within a single lane of traffic did not violate any traffic law. The Wayne County Municipal Court denied Flanagan's motion to suppress. The trial court held:
 that the operation of a vehicle in a weaving manner on at least two occasions within a distance of approximately one-half mile at the time and place involved, constitutes a foundation for a reasonable and articulable suspicion that a violation of law may be occurring and warrants an investigative stop.
 Flanagan subsequently entered a plea of no contest to charges of possession of marijuana and of driving with a prohibited BAC. The State dismissed the DUI and open container charges. The trial court found Flanagan guilty of, and sentenced him for, driving with a prohibited BAC and for possession of marijuana.
 II
Flanagan has contended that the investigative stop was unlawful and therefore all evidence seized pursuant to the stop should have been suppressed. Law enforcement officers may perform a warrantless investigative stop of a vehicle if it is supported by a reasonable, articulable suspicion that the driver is engaged in criminal activity or is operating his vehicle in violation of the law. See Terry v. Ohio (1968), 392 U.S. 1, 27,20 L.Ed.2d 889, 909; Delaware v. Prouse (1979), 440 U.S. 648, 663,59 L.E.2d 660, 673. The trial court determined that the stop of Flanagan's vehicle was based on such a suspicion.
Appellate review of whether a particular investigatory stop was reasonable or not, is a two part review. Ornelas v. UnitedStates (1996), 517 U.S. 690, 696, 134 L.Ed.2d 911, 919. The first is a factual review of the events leading up to the stop. Id.
Once the historical facts are determined, the second inquiry is whether the "historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion." Id. This inquiry is a mixed question of fact and law. Id. The Supreme Court has held that, "as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Id. at 699, 134 L.Ed.2d at 920. In performing this review, we heed the caution of the Supreme Court that reasonable suspicion is a "fluid [concept] that take[s its] substantive content from the particular contexts in which the [standard is] being assessed." Id. at 696, 134 L.Ed.2d at 918. The context of this review includes that "[a] trial judge views the facts of a particular case in light of the distinctive features and events of the community; likewise, a police officer views the facts through the lens of his police experience and expertise." Id. at 699, 134 L.Ed.2d at 920-921. In reaching a denovo conclusion that the arresting officer's suspicion was reasonable, we are directed to "give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 699, 134 L.Ed.2d at 920.
Here, the officer observed Flanagan weaving within his lane.[2] He watched and determined that the weaving was not the ordinary gentle drifting within one lane, but abrupt jerking from side to side, albeit within a single lane. The jerking occurred at least twice over the distance of a half-mile. The observations took place late in the evening. These factual observations, combined with the officer's experience, led him to the inference that the movements were not innocent weaving, but were likely those of an inebriated driver. Deputy McFarren articulated these facts, and the inferences he drew from them, at the suppression hearing. The trial judge accepted the facts, and determined that when Deputy McFarren made the stop, he had a reasonable and articulable suspicion that Flanagan was driving while intoxicated.
Looking to other decisions for guidance, we note "a vehicle weaving in its own lane of travel for several blocks" has been found to constitute erratic driving. State v. Hiler (1994),96 Ohio App.3d 271, 274, citing State v. Hilleary (May 24, 1989), Miami App. No. 88-CA-5, unreported. Courts have also found that weaving within a lane can support an investigatory stop, even when such weaving itself is not illegal. State v. Gedeon (1992),81 Ohio App.3d 617, 618-619. The nature of the weaving has been used to distinguish weaving which might objectively support a stop, from weaving that would not. See State v. Williams (1993),86 Ohio App.3d 37, 43. In conjunction with other factors, such as the nature of the weaving and community patterns of behavior, the time of day at which the observations are made can provide support for a determination that the arresting officer reasonably suspected that a driver was intoxicated. See Hiler,96 Ohio App.3d at 274. See, also, Gedeon, 81 Ohio App.3d at 619, citingHilleary, Miami App. No. 88-CA-5, and Montpelier v. Lyon (May 1, 1987), Williams App. No. WMS-86-16, unreported. The trial court determination, giving due deference to inferences drawn in light of the "distinctive features and events of the community,"Ornelas, at 699, 134 L.Ed.2d at 921, is generally consistent with similar determinations made by other courts. As such, we find that Deputy McFarren's articulable suspicion that Flanagan was driving while under the influence was reasonable.
Because Deputy McFarren had a reasonable and articulable suspicion that Flanagan was violating the law, his investigative stop was proper. The trial court properly dismissed Flanagan's motion to suppress the evidence gathered as a result of that stop.
In addition, while not dispositive, we agree with the Second District's observation that:
 [t]he erratic driving alone was a sufficient basis for an articulable and reasonable suspicion, justifying an investigatory stop to determine the reason for the erratic driving, under the holdings of Terry and Foreman. The officer may have a duty * * * to investigate the cause of the weaving, in order to protect the public, and even [the driver] against such possible causes as the driver being under the influence, the driver being unduly mentally fatigued or sleepy, or even some mechanical defect of the automobile.
Hilleary, Miami County No. 88-CA-5.
 III.
Flanagan's assignment of error is overruled because the stop was reasonable, based on an articulable suspicion of DUI. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________ WILLIAM R. BAIRD
FOR THE COURT SLABY, J., CARR, J., CONCUR.
[1] The description of the events on May 27, 1999 is taken from the testimony of the hearing on Flanagan's subsequent motion to suppress the fruits of what was, according to Flanagan, an unconstitutional traffic stop.
[2] Weaving within his lane of traffic is not, in and of itself, a violation of a law. Deputy McFarren testified at the hearing on the motion to suppress that he believed that he could have cited Flanagan for weaving within the lane. This particular area of U.S. 30 is in Sugarcreek Township, in Wayne County. The trial court noted that traffic in the township is governed by Ohio Revised Code, which does not prohibit weaving within one lane of traffic. The trial court observed that R.C. 4511.20.2, Operation Without Reasonable Control, might apply, but did not rely on this section of the code to overrule the motion to suppress.