JOURNAL ENTRY AND OPINION
This is an appeal from an order of Lakewood Municipal Court Judge Patrick J. Carroll convicting and sentencing appellant Cornelius Tate who pleaded no contest to the charge of driving while intoxicated. Tate claims it was error to deny his motion to suppress because the evidence did not show a reasonable suspicion to make a traffic stop. We disagree and affirm.
From the record we glean the following: At about 11:30 p.m. on October 12, 1999, Lakewood Police Officer Timothy Schad, driving westbound on Lake Avenue, noticed a vehicle he believed to be operating under the thirty-five m.p.h. speed limit also westbound and approaching Belle Avenue. The vehicle, a 1987 red Cadillac driven by the then forty-one-year-old Tate, stopped for the red traffic light at Belle and Officer Schad brought his car to a stop immediately behind it. The Cadillac made a left turn, traveled south on Belle a short distance to Clifton Boulevard and made another left turn onto Clifton, and entered the left-most of the three eastbound lanes.
Officer Schad stated that, as he followed the Cadillac on Clifton to Bunts Road, he twice observed it drift from the left-most lane of traffic over the divided white line and into part of the middle eastbound lane. He averred on both occasions that the right-side tires of the Cadillac straddled the lane divider for two to three seconds, and then moved back into the left lane and also saw the car weaving within its own lane. At Bunts, after seeing the Cadillac drift over the lane divider the second time, the officer activated his overhead lights to signal the driver of the Cadillac and both vehicles came to a stop near Nicholson Avenue.
As a result of the traffic stop, Tate was charged with driving while intoxicated, driving without a license, and failure to use a seat belt. He filed a motion to suppress, attacking only the validity of the initial traffic stop and, after that motion was denied, pleaded no contest to the charge of driving while intoxicated in exchange for dismissal of the two remaining counts.
Tate's single assignment of error states:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS, CONTRARY TO THE CONSTITUTION OF THE STATE OF OHIO, AND THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES; AND IN OVERRULING DEFENDANT'S MOTION TO RECONSIDER THE SAME.
When reviewing a warrantless search, this court will reverse the judge's findings of historical fact only upon clear error, but makes a de novo determination when applying those facts to the law; whether a search was reasonable upon particular facts is a legal question. Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); State v. Harris (1994), 98 Ohio App.3d 543, 546, 649 N.E.2d 7, 9. The State, therefore, has the burden to prove the intrusion reasonable. City of Xenia v. Wallace (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus.
While Tate does not contend that Officer Schad's testimony is inaccurate, he argues that those facts did not justify an investigatory stop. We disagree and find the circumstances here passed the threshold of reasonable suspicion because, even though minor incidents of weaving do not justify an investigatory stop, significant weaving, even within a single lane, can give rise to reasonable suspicion. See State v. Williams (1993), 86 Ohio App.3d 37, 42-43, 619 N.E.2d 1141, 1144 (crossing edge line while negotiating curve and while making left-hand turn do not justify investigatory stop).
Officer Schad observed Tate drift out of his lane twice, and weave within his own lane over a distance of a quarter of a mile, a relatively short span. Similar observations of weaving have been upheld as justifying investigatory stops. See State v. Hiler (1994),96 Ohio App.3d 271, 272-73, 644 N.E.2d 1096, 1097 (driver was observed noticeably weaving within his own lane of traffic over a distance of a mile); State v. Gedeon (1992), 81 Ohio App.3d 617, 618-19, 611 N.E.2d 972
(car weaving within its own lane properly stopped). This court also has upheld stops based on circumstances similar to those here. See State v. McAuley (July 27, 2000), Cuyahoga App. No. 76720, unreported (leaving lane of travel twice within unspecified distance provided probable cause to stop for weaving, in violation of R.C. 4511.33).
The facts of this case more closely resemble those of McAuley than those of Williams. While Tate's driving may not have been egregious, the officer's testimony about drifting/weaving was significant enough to justify an investigatory stop. The assignment of error is overruled.
It is ordered that the appellee recover from the appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ ANNE L. KILBANE, J.:
TIMOTHY E. McMONAGLE, P.J., CONCUR; MICHAEL J. CORRIGAN, J., CONCURS IN JUDGMENT ONLY.