JOURNAL ENTRY AND OPINION
Defendant-Appellant, Natalie Bradberry (Ms. Bradberry), appeals from a judgment of the Cleveland Municipal Court denying her motion to suppress. Subsequent to the trial court denying her motion to suppress, Ms. Bradberry entered a plea of no contest and was found guilty of driving under the influence of alcohol in violation of C.C.O. 433.01(a)(1) and of child endangering. For the reasons set forth below, we affirm the judgment of the trial court.
The record presented to us on appeal reveals the following: In the early morning of May 28, 2000, two of Ms. Bradberry's neighbors, Ms. Bell and Ms. Garret, observed her driving erratically down the street stopping, braking real hard with a squealing sound, going crooked and straightening up, going crooked again. Earlier that day, Ms. Bell observed Ms. Bradberry drinking what appeared to be a beer. The neighbors further related that Ms. Bradberry was being loud and playing loud music.
The neighbors observed Ms. Bradberry almost hit a tree and a pole while driving her car. They determined to call the police when they saw a child in the car. Both neighbors testified that they called the police because they felt that Ms. Bradberry was drunk and the child's life was in danger. When the police officers arrived they spoke with these neighbors.
Officer Ralph Anthony Valentino (Officer Valentino) testified that he received and responded to a dispatch that reported a blue vehicle driving erratically down the street with no headlights. Upon arriving, he and his partner observed Ms. Bradberry and a child in the parked vehicle in the road with the engine running. Upon approaching the vehicle, Officer Valentino smelled a strong odor of alcohol, observed that Ms. Bradberry had glassy eyes and slurred speech, and saw numerous empty beer bottles on the passenger's floor.
After Ms. Bradberry gave her driver's license to the officers, she stated that she was going to the store for her boyfriend to pick up more beer. She further related that she and her boyfriend had been drinking all day.
The trial court denied Ms. Bradberry's suppression motion on the basis that the citizen informant who had placed the call to the police appeared and testified at the suppression hearing and that the officer's observations and conversation with Ms. Bradberry further supported the denial. The matter is now before this court on Ms. Bradberry's appeal from that judgment. Ms. Bradberry raises one assignment of error for our review.
 I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS.
In her only assignment of error, Ms. Bradberry argues that the trial court improperly denied her motion to suppress because the State did not meet its burden to justify an investigative stop as set forth by the Ohio Supreme Court in Maumee v. Weisner (1999),87 Ohio St.3d 295. We disagree.
A reviewing court is bound to accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. State v. Klein (1991), 73 Ohio App.3d 486. However, the reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627.
The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v. United States (1967), 389 U.S. 347. An investigative stop, or Terry stop, is a common exception to theFourth Amendment warrant requirement. Terry v. Ohio (1968), 392 U.S. 1. Under the Terry stop exception, an officer properly stops an automobile if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. Delaware v. Prouse (1979), 440 U.S. 648, 653; State v. Gedeon (1992), 81 Ohio App.3d 617, 618; State v. Heinrichs (1988), 46 Ohio App.3d 63.
However, not all personal intercourse between policemen and citizens involves `seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a `seizure' has occurred. Terry, 392 U.S. at 19. This court has previously noted that a seizure does not occur simply because an officer approaches an individual and asks a few questions. State v. Fields (Feb. 1, 1996), Cuyahoga App. No. 68906, unreported. The relevant inquiry is whether the officer has restrained a person in such a manner that a reasonable person would have believed he or she was not free to leave. Id., citing United States v. Mendenhall (1980), 446 U.S. 544; State v. Johnston (1993),85 Ohio St.3d 475, 478 (other citations omitted).
The Ohio Supreme Court has recently clarified the State's burden of proof in circumstances where an officer makes an investigative stop based in sole reliance upon information received from a dispatch. Weisner,87 Ohio St.3d 295, 298. Where an officer making an investigative stop relies solely upon a dispatch, the State must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity. Id., paragraph 1 of the syllabus. Accordingly, a telephone tip can, by itself, create reasonable suspicion justifying an investigatory stop where the tip has sufficient indicia of reliability. Id.
At the outset, we are not convinced that the officer's initial interaction with Ms. Bradberry amounted to an investigative stop. It is well settled that `the mere approach and questioning of persons seated within parked vehicles does not constitute a seizure so as to require reasonable suspicion supported by specific and articulable facts.' State v. Johnston (1993), 85 Ohio App.3d 475, 478, quoting State v. Bird (Dec. 31, 1992), Washington App. No. 92 CA2, unreported at 6.
The trial court accepted Officer Valentino's testimony that upon approaching Ms. Bradberry's vehicle: (1) he smelled a strong odor of alcohol; (2) he noticed Ms. Bradberry's glassy eyes and slurred speech; and (3) he observed empty beer bottles strewn about the floor on the passenger's side. In addition, Ms. Bradberry communicated to the officers that not only had she been drinking all day, but she was then on her way to obtain more alcoholic beverages.
We are constrained to accept the findings of fact as determined by the trial court as they are supported by both competent and credible evidence.
While the record does not indicate that the officers relied solely upon information received from dispatch, we find that the facts precipitating the dispatch, as presented by the State through the testimony of the identified citizen informant, justified a reasonable suspicion of criminal activity sufficient to warrant an investigative stop.
In Weisner, the Ohio Supreme Court found that an individual who merely leaves his name and phone number with the police qualifies as an identified citizen informant with greater credibility and reliablity. Weisner, 87 Ohio St.3d at 300-302. On that basis, the Ohio Supreme Court found a suppression motion is properly denied on information provided by such an informant as relayed during the suppression hearing by the arresting officer. Id.In this case, the State actually produced the individuals who had placed the call to the police dispatcher and therefore they clearly qualify as identified citizen informants; conveying their testimony with greater credibility and reliability.
In addition, both Ms. Bell and Ms. Garret, the identified citizen informants, explained that they were motivated to call the police out of concern for the child whom they had observed in Ms. Bradberry's car. In Weisner, the Ohio Supreme Court also found that a motivation for public safety lends further support to the reliability of a tip. Weisner,87 Ohio St.3d at 302.
Ms. Bradberry does not dispute the reliability of her neighbors' testimony and/or their respective observations, but rather contends that the State failed to establish that this information was communicated to the police dispatcher. However, it is undisputed that the officers received a dispatch indicating that a vehicle, fitting the description of Ms. Bradberry's car, was driving erratically down the street with the headlights off. The court found that this, coupled with the evidence as presented by the citizen informant as to what they told the dispatcher, justified the stop. The record illustrates that the trial court's findings in this regard are supported by both competent and credible evidence and, accordingly, Ms. Bradberry's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.