JOURNAL ENTRY AND OPINION
Defendant-appellant Aaron Ray, Sr., a.k.a. Mandrain Scott appeals from the trial court's judgment that denied his Motion to Suppress Evidence. For the reasons that follow, we affirm.
On July 1, 2001, defendant was a passenger in a black Explorer involved in a confrontation on the premises of the Cleveland Clinic Foundation. A Cleveland Clinic Foundation patrolman testified that during his shift, a Cadillac pulled up and its occupant reported that a brick was thrown through the window of the car. Shortly thereafter, defendant and two other individuals pulled in front of the Cadillac and a verbal altercation ensued. The driver of the Cadillac identified the occupants of the Explorer as the assailants. The patrolman intended to call for back-up at that time in order to investigate the complaint and ordered the men to remain in the vehicles. The occupants of the Explorer disregarded the patrolman's request and left. The patrolman radioed for back-up, identifying the vehicle and reporting its possible involvement in criminal damaging or felonious assault.
Other patrolmen located and stopped the Explorer. The patrolmen separated the three occupants as a safety precaution considering the reported possible involvement in a felonious assault. Officer Seidel testified that he conducted a pat-down search believing that the defendant might have a weapon. This officer further testified that he felt a hard object in the defendant's pants pocket. The officer thought the object was possibly a weapon and that it appeared to be a gun. At that point, he asked the defendant's permission to search his pockets and the defendant consented. The officer located approximately $1,700 in cash and crack cocaine. Defendant was then arrested.
At the conclusion of the suppression hearing, the court overruled defendant's motion to suppress. Defendant pled no contest to the indictment and was found guilty. Defendant assigns three errors for our review. We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion. Assignment of Error I states:
 I. THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT WHERE THE STATE FAILED TO ESTABLISH THAT THE POLICE HAD REASONABLE SUSPICION THAT APPELLANT WAS ENGAGED IN CRIMINAL ACTIVITY TO JUSTIFY THE STOP OF APPELLANT.
We employ the following standard in reviewing a trial court's judgment regarding a motion to suppress:
 In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973), 34 Ohio St.2d 250, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906.
State v. Curry (1994), 95 Ohio App.3d 93.
The focal point in this error is whether reasonable suspicion of criminal activity justified the patrolmen's stop of the vehicle carrying defendant as a passenger. The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering themper se unreasonable unless an exception applies. Katz v. United States
(1967), 389 U.S. 347. An investigative stop, or Terry stop, is a common exception to the Fourth Amendment warrant requirement. Terry v. Ohio
(1968), 392 U.S. 1. Under the Terry stop exception, an officer properly stops an automobile if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. Delaware v. Prouse
(1979), 440 U.S. 648, 653; State v. Gedeon (1992), 81 Ohio App.3d 617,618; State v. Heinrichs (1988), 46 Ohio App.3d 63. A court determines whether reasonable suspicion exists under the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177.
It is undisputed that the vehicle carrying the defendant pulled onto the Cleveland Clinic Foundation property for no apparent reason other than to confront the occupants of the Cadillac. In turn, the occupants of the Cadillac identified the occupants of defendant's vehicle as being responsible for throwing a brick into the window of the Cadillac. When ordered to remain in place for further investigation of the complaint, defendant's vehicle pulled away. The officer observed the vehicle description and license plate in broad daylight and radioed for back-up, relaying the possible incident of violence. Based on this information, the vehicle was stopped.
The court found that the officers stopping the vehicle possessed reasonable suspicion "given the actions of the driver and the information conveyed that there had been a possible brick throwing incident/felonious assault." We are constrained to accept the findings of fact as determined by the trial court as they are supported by both competent and credible evidence. Ibid. This assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT WHERE THE STATE FAILED TO ESTABLISH THAT THE POLICE HAD SUFFICIENT REASONABLE SUSPICION THAT APPELLANT WAS DANGEROUS TO JUSTIFY THE "PAT DOWN" SEARCH OF APPELLANT.
 III. THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT WHERE THE STATE FAILED TO ESTABLISH THAT THE CRIMINAL NATURE OF THE OBJECT IN APPELLANT'S JACKET WAS IMMEDIATELY APPARENT TO THE POLICE OFFICER CONDUCTING THE FRISK.
We address these errors together since they are interrelated. Following the directive of the United States Supreme Court, Ohio law considers a limited protective search for weapons permissible during an investigative stop when the officer reasonably concludes that the individual is armed and dangerous. State v. Evans (1993), 67 Ohio St.3d 405, following Terryv. Ohio (1968), 392 U.S. 1. An officer may seize what he believes to be a weapon based upon the size and density. Evans, supra; see, also,Minnesota v. Dickerson (1993), 508 U.S. 366, 375.
The trial court found reasonable grounds for the protective search of defendant in light of the possible brick throwing or felonious assault incident. The record reveals that the officer conducted the search looking for a weapon and in consideration of his own safety under the circumstances leading to the stop. The officer further and repeatedly testified that he believed the object in defendant's pocket to be a weapon. The trial court specifically stated that it found this officer's testimony credible, justifying further investigation. The record also indicates that the defendant consented to the search of his pockets.
As previously stated, the trier of fact, here the court, is in the best position to resolve questions of fact and evaluate witness credibility. Ibid. Since the trial court's findings are supported by both competent and credible evidence in the record, we find no merit to these assignments of error which are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.