OPINION
{¶ 1} Defendant-appellant, Robert Santmire, appeals from a judgment of the Franklin County Municipal Court finding him guilty of operating a motor vehicle with a prohibited breath alcohol content in violation of R.C. 4511.19(A)(3). Defendant assigns a single error:
 {¶ 2} "The trial court erred in overruling appellant's motion to suppress evidence thereby violating appellant's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution, as there was neither reasonable suspicion to believe that appellant had committed a crime nor probable cause to arrest appellant." Because the trial court erred in overruling defendant's motion to suppress, we reverse.
 {¶ 3} By complaint issued on July 28, 2001, defendant was charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1), operating a motor vehicle with a prohibited breath alcohol content in violation of R.C. 4511.19(A)(3), a safety belt violation of R.C. 4513.263(B)(1), and backing on a roadway in violation of R.C. 4511.38. Defendant entered a not guilty plea to the charges and filed a motion to suppress.
 {¶ 4} On February 27, 2002, the trial court held a hearing on defendant's motion and, by entry filed February 28, 2002, the trial court overruled defendant's motion to suppress. The trial court found reasonable suspicion to stop defendant's vehicle and probable cause to charge him with the noted offenses. On April 24, 2002, defendant changed his not guilty plea to a no contest plea to the charge under R.C.4511.19(A)(3); the state dismissed the remaining charges. The trial court sentenced defendant and defendant timely appeals, contending the trial court erred in overruling his motion to suppress.
 {¶ 5} "[A]ppellate review of a trial court's decision regarding a motion to suppress evidence involves mixed questions of law and fact." State v. Vest (May 29, 2001), Ross App. No. 00CA2576. A "reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657. However, "general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Id. Accordingly, a reviewing court must "independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case." (Citations omitted.) Vest, supra.
 {¶ 6} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v. United States (1967),389 U.S. 347, 357, 88 S.Ct. 507. An investigative stop, or Terry stop, is a common exception to the Fourth Amendment warrant requirement. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. In Terry, the Supreme Court held that a police officer may stop an individual if the officer has a reasonable suspicion based upon specific and articulable facts that criminal behavior has occurred or is imminent. See, also, State v. Chatton (1984), 11 Ohio St.3d 59, 61, certiorari denied, 469 U.S. 856,105 S.Ct. 182. A law enforcement officer properly may stop an automobile under the Terry stop exception. See Delaware v. Prouse (1979),440 U.S. 648, 653, 99 S.Ct. 1391; State v. Heinrichs (1988),46 Ohio App.3d 63. Thus, an individual operating an automobile may be stopped if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. State v. Gedeon (1992),81 Ohio App.3d 617, 618. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. United States v. Cortez (1981), 449 U.S. 411, 417-418, 101 S.Ct. 690; State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus, certiorari denied, 488 U.S. 910, 109 S.Ct. 264.
 {¶ 7} According to the evidence presented at the motion hearing, defendant was stopped at a traffic light at the intersection of Brice Road and Livingston Avenue, headed westbound on Livingston. His vehicle was in the left turn lane, and a State Highway Patrol trooper was stopped across the intersection on Livingston. When the light turned green, defendant backed up approximately 20 to 30 feet, and then moved over to the "straight lane" and continued west on Livingston Avenue across Brice Road. (Tr. 7.) After defendant crossed Brice Road and passed the trooper, the trooper immediately turned on his flashing lights, made a U-turn, and made the traffic stop. The trooper conceded that, in defendant's backing his vehicle, he did not hit or come close to hitting any other cars and that he did not leave or cause an accident. The trooper further testified defendant was not on the freeway, but on a four-lane road in the city.
 {¶ 8} R.C. 4511.38 provides: "[b]efore backing, operators of vehicles * * * shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway. No person shall back a motor vehicle on a freeway." R.C. 4511.38
does not "per se forbid the backing of a motor vehicle on a street or highway, but only on a freeway." State v. Thompson (Dec. 30, 1998), Warren App. No. CA98-05-056, dismissed, appeal not allowed (1999),85 Ohio St.3d 1477. As a result, "when adequate visibility along with adequate stopping distance exists to enable a legally driven approaching vehicle to stop before colliding with a backing vehicle, which is exercising vigilance not to injure persons or property, it is error to declare the act of backing up is a violation of R.C. 4511.38." Id., quoting State v. Varney (June 22, 1987), Butler App. No. CA86-07-100.
 {¶ 9} Under the foregoing parameters, defendant did not violate R.C. 4511.38. He backed for approximately 20 to 30 feet, no other vehicles were around his car, and he simply moved into a different lane of traffic. He caused no accident, did not hit or come close to hitting any other vehicle. Rather, he executed the maneuver with safety.
 {¶ 10} Given the lack of evidence to support a violation of R.C.4511.38, the state contends defendant's erratic driving gave the trooper reasonable suspicion that warranted the trooper's stopping defendant's vehicle. The state, however, points to no evidence in the record suggesting defendant drove erratically. The very facts that indicate defendant backed with safety negate the state's contention defendant drove erratically. As a result, the state is left to contend that, under Thompson, supra, defendant's backing his vehicle in itself constitutes erratic driving sufficient to support reasonable suspicion for a traffic stop.
 {¶ 11} The facts of Thompson, however, are considerably different. There, the court found the motion to suppress unpersuasive because "the combination of night conditions and the considerable distance covered, approximately two hundred feet, provided the trooper with reasonable suspicion of erratic driving or improper backing warranting an investigative stop. * * * This was not an ordinary backing of only one or two car lengths." (Citation omitted.)
 {¶ 12} By contrast, defendant here was found to have backed his vehicle approximately one or two car lengths. No other vehicles were in the area, and defendant executed the move with safety. Because the facts do not support a reasonable suspicion that defendant was violating any traffic law, the trooper lacked a basis to detain defendant's vehicle. Accordingly, the trial court erred in failing to sustain defendant's motion to suppress.
 {¶ 13} Given the foregoing, we sustain defendant's single assignment of error, reverse the judgment of the trial court, and remand with instructions to dismiss the charges against defendant.
Judgment reversed and case remanded with instructions to dismiss.
BOWMAN and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.