JUDGMENT: AFFIRMED *Page 3 
{¶ 1} Defendant-appellant, Donte Johnson ("defendant"), appeals from the trial court's denial of his motion to suppress. For the reasons that follow, we affirm.
 {¶ 2} At the hearing on defendant's motion to suppress, the State presented the testimony of arresting officer Rick Jackson. According to him, defendant and a male companion were walking in the middle of a Cleveland street. They ignored police officers' instructions to use the sidewalk. Police again asked them to use the sidewalk and the men refused, acting in a belligerent manner. The men further refused to identify themselves. Police decided to issue them a citation for walking in the street, where sidewalks are provided.
 {¶ 3} The police conducted a patdown search for safety and found a loaded firearm in defendant's possession. He was then arrested for carrying a concealed weapon.
 {¶ 4} Defendant's testimony set forth a different version of events. He said police never asked him to get out of the street. Instead, he claims he voluntarily told them he had a firearm on his person when they stopped him. Specifically, defendant testified "I said, `Officer, I have a firearm on me."' (Tr. 28). According to defendant, the gun was in his right pocket and the clip was in his left pocket. He denied being belligerent and believes he was cooperative. He denied refusing to identify himself to police. Defendant maintained that the officers were "very, very enthused with just *Page 4 
taking [him] to jail." On cross-examination, defendant essentially maintained that the officers were lying.
 {¶ 5} The trial court reasoned that the officers lawfully stopped defendant based on reasons stated by Officer Jackson. The trial court also cited to defendant's testimony that he told the officers he had a gun. The trial court stated "[e]ven if I believe Mr. Johnson, if he had his identification then, and he blurted out to the police officer, and `Guess what, guys, I've got a gun,' * * *." (Tr. 67). This, the court reasoned, provided officers with reasonable suspicion that defendant was armed and dangerous. Id.( "you darn well bet the police officers are going to stop and frisk for their own protection under those circumstances"). The trial court then denied defendant's motion to suppress.
 {¶ 6} Defendant pled no contest and was sentenced to one year of community control sanctions. On appeal, defendant's sole assignment of error is:
 {¶ 7} "I. The trial court erred and denied Donte Johnson his constitutional right to be free from unreasonable searches and seizures, when it denied his motion to suppress illegally seized evidence."
 {¶ 8} When considering a motion to suppress, the trial court assumes the role of trier-of-fact and is in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Kobi
(1997), 122 Ohio App.3d 160. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting the facts as found by the trial court as true, the *Page 5 
appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Id.
 {¶ 9} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v. United States (1967), 389 U.S. 347. An investigative stop, or Terry stop, is a common exception to theFourth Amendment warrant requirement. Terry v. Ohio (1968), 392 U.S. 1,20 L.Ed.2d 889, 88 S.Ct. 1868. Thus, a law enforcement officer may properly stop an individual under the Terry stop exception if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. Delaware v. Prouse (1979), 440 U.S. 648, 653;State v. Gedeon (1992), 81 Ohio App.3d 617, 618; State v. Heinrichs
(1988), 46 Ohio App.3d 63.
 {¶ 10} Here, the trial court accepted the following facts: defendant was walking in the middle of the street, ignoring orders by the police to use the sidewalk, and refusing to identify himself. The court also accepted the defendant's testimony that he told the officers he had a firearm on his person. Under the applicable standard, we defer to these factual findings of the trial court as the same are supported by competent, credible evidence in the record. We also concur with the trial court's finding that the officers rightfully conducted a patdown search for their safety under those factual circumstances. *Page 6 
 {¶ 11} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and ANTHONY O. CALABRESE, JR., J., CONCUR