OPINION
Defendant-appellant, Alvin L. Emerick ("appellant"), appeals from the denial of his motion to suppress. Appellant subsequently entered a plea of no contest to charges of operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1), driving under suspension in violation of R.C. 4507.02(B)(1), failure to wear a seat belt in violation of R.C. 4513.263, failure to dim headlights in violation of R.C. 4513.15(A), and displaying fictitious plates in violation of R.C.4503.12(C). The Ashtabula Western Area County Court found appellant guilty on all charges.
On January 23, 2000, Officer Gary Dodge of the Geneva Police Department was patrolling on Route 20 when he observed a vehicle traveling in the opposite direction with the high beam lights activated. Officer Dodge signaled the driver by flashing his lights, but the high beam lights remained lit. Officer Dodge did not intend to stop the vehicle but meant to alert the driver that his high beam lights were activated. When the driver did not dim the lights, Officer Dodge flashed his lights two more times without any response from the driver. Officer Dodge then turned his vehicle around, intending to stop the automobile to inquire why the driver did not dim his lights. At that point, Officer Dodge stated he intended to make a traffic stop and issue a citation for the high beam lights. The car turned into a driveway. Officer Dodge pulled in right behind it. Appellant exited from the driver's seat.
Officer Dodge recognized appellant from previous encounters and asked appellant if he had a driver's license. Appellant replied in the negative. Officer Dodge checked the license plate of the vehicle and discovered the plate was registered to another vehicle. Officer Dodge detected the odor of alcohol and performed field sobriety tests. Officer Dodge issued citations to appellant for operating a motor vehicle under the influence of alcohol, driving under suspension, failure to wear a seat belt, failure to dim headlights, and displaying fictitious plates. Appellant refused to submit to a breath test to determine the level of alcohol concentration.
On January 24, 2000, appellant entered a not guilty plea to the offenses. On March 6, 2000, appellant filed a motion to suppress, asserting his initial detention was unlawful. The trial court held a suppression hearing on June 14, 2000. The trial court denied appellant's motion to suppress on September 7, 2000. The trial court found appellant's failure to dim his headlights justified his initial detention by Officer Dodge even though appellant had stopped his vehicle in a driveway and exited the automobile. Appellant has appealed from this ruling.
Appellant assigns the following error for review:
 "The trial court erred when overruling appellant's motion to suppress."
 In his sole assignment of error, appellant contends the trial court erred in overruling his suppression motion. Appellant contends Officer Dodge merely intended to ask him to dim his lights but not to issue a citation. Appellant asserts that, because he had parked and exited his automobile before the traffic stop occurred, Officer Dodge's purpose for making the stop had ceased. Appellant states that the officer lacked the requisite reasonable suspicion of criminal activity, invalidating the stop.
The standard of review on a motion to suppress is whether the trial court's ruling was supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. An appellate court must independently determine, as a matter of law, without deferring to the trial court's conclusion, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
A traffic stop constitutes a seizure under the Fourth Amendment to the United States Constitution which guarantees people the right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. State v. Eskridge (Mar. 31, 2000), Portage App. No. 98-P-0130, unreported, 2000 Ohio App. LEXIS 1439. However, a police officer may stop an individual if the officer has a reasonable suspicion, based on specific and articulable facts, that criminal behavior has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1;State v. Gedeon (1992), 81 Ohio App.3d 617. Detention of a motorist is reasonable when there exists probable cause to believe a crime, including a traffic violation, has been committed. Whren v. United States (1996),517 U.S. 806, paragraph one of the syllabus. The test for probable cause is:
 "* * * Whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."
 Beck v. Ohio (1964), 379 U.S. 89, 91. In the context of a traffic stop, the officer must have a reasonable and articulable suspicion that the motorist was operating the vehicle in violation of the law. Delaware v. Prouse
(1979), 440 U.S. 648.
When evaluating the propriety of an investigative stop, a reviewing court must examine the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Andrews
(1991), 57 Ohio St.3d 86, 87-88. This court consistently has held that a police officer's observation of any traffic ordinance violation constitutes sufficient grounds to stop the vehicle observed violating such ordinance. The officer then has probable cause to stop the vehicle for the purpose of issuing a citation. State v. Teter (Oct. 6, 2000), Ashtabula App. No. 99-A-0073, unreported, 2000 Ohio App. LEXIS 4656. The officer then may proceed to investigate the driver for driving while under the influence of alcohol if the officer has a reasonable suspicion that the driver may be intoxicated based upon specific and articulable facts. State v. Jennings (Mar. 3, 2000), Trumbull App. No. 98-T-0196, unreported, 2000 Ohio App. LEXIS 800. Once a police officer has probable cause to believe an individual committed even a minor criminal offense in the officer's presence, the officer may arrest the individual without violating the Fourth Amendment. Atwater v. Lago Vista (2001), ___U.S.___, 2001 U.S. LEXIS 3366.
In State v. Brownlie (Mar. 31, 2000), Portage App. Nos. 99-P-0005, 99-P-0006, unreported, 2000 Ohio App. LEXIS 1450, a police officer flashed his lights at an oncoming automobile to try to have the driver dim the high beam lights. When the driver failed to do so, the police officer initiated a traffic stop and subsequently arrested the driver for driving under the influence of alcohol. This court held that the failure to dim one's headlights was a sufficient basis for probable cause to stop the driver.
In Brownlie, as in the instant case, the officer's intent was first to signal the driver to dim his or her lights without making a traffic stop. The officer initiated a stop in both instances after the driver failed to dim the headlights following the officer flashing his headlights. However, in the instant case, appellant had exited his automobile. Appellant cites to State v. Chatton (1984), 11 Ohio St.3d 59. In Chatton, the police officer stopped a vehicle because he did not observe any license plate. As the officer approached the automobile, he observed a temporary license placard. The court held the officer, at that point, no longer had a reasonable suspicion the vehicle was not properly licensed and could not further detain the motorist. The holding of Chatton hardly is dispositive of the instant case. In Chatton, the police officer discovered the initial reason for the stop was not valid. Here, Officer Dodge observed appellant committing a traffic violation. At that point, Officer Dodge had probable cause to stop appellant. SeeEskridge, supra. The reason for the initial stop continued even though appellant was no longer operating the vehicle. Officer Dodge testified he intended to make a traffic stop when he turned his vehicle around and pulled into the driveway after appellant. It is immaterial that Officer Dodge initially did not intend to issue a citation at the time he flashed his lights. Appellant's violation of the traffic ordinance by failing to dim his lights constituted sufficient grounds for the initial stop. Appellant's assignment of error is without merit and the judgment of the trial court is affirmed.
 _________________________ JUDGE DIANE V. GRENDELL
O'NEILL, P.J., FORD, J., concur.