JOURNAL ENTRY AND OPINION
Defendant-appellant Willie Belser appeals from the trial court's denial of his motion to suppress evidence. For the reasons that follow, we affirm.
One of the arresting officers who possessed six years of experience testified to the following facts: The area where defendant was arrested is known for high drug activity. (Tr. 10, 36). The officer has made over 100 arrests in that four-block area in the past two years. Id. On June 27, 2001, that officer observed a drug transaction involving the occupants of a blue mini van with a broken window and persons outside the vehicle. (Tr. 11). The officers pursued and arrested one of the pedestrians for violation of Ohio's drug law that day. (Tr. 11-12, 14). The officer was able to observe the driver (who he later identified as the defendant) and a passenger of the vehicle. (Tr. 13).
The following day, the officer returned to the same area on the lookout for the mini van. (Tr. 14). The officer observed the blue mini van with the broken window and was able to identify the driver as the same male who drove the vehicle the previous day. (Tr. 15). Defendant was identified as the driver of the vehicle. As the officer followed the defendant's vehicle, small pieces of glass fell off the mini van onto the road. (Tr. 16, 25, 30, 31). The officer considered this an unsafe motor vehicle presenting a hazard on the street and which is a ticketable offense. (Tr. 37). This fact, coupled with his observations of the defendant on the previous day, the officer turned on the police overheads when defendant pulled into a parking lot. (Tr. 37). At that point, the officer learned that defendant was driving while his license had been suspended, which resulted in defendant's arrest. (Tr. 18). The vehicle was inventoried pursuant to police procedure and towed. (Tr. 18-19). At that time, the officers discovered a glass pipe with suspected drug residue. Id. Defendant was charged with and indicted for one count of possession of drugs.
Based upon the evidence, the court found that the initial investigation and intrusion was not unreasonable given the observations of defendant's possible involvement in a drug transaction on the previous day. The court also found the arrest was warranted on the basis that defendant was driving under suspension. Accordingly, the court found that the inventory search was valid and the evidence flowing therefrom was lawfully obtained. The motion to suppress was then overruled.
Defendant subsequently pled no contest and was found guilty of possession of drugs, a fifth degree felony and sentenced to one year community control with conditions. Defendant appeals from the court's ruling on his motion to suppress, assigning the following error for our review:
 I. The trial court erred in hold [sic] that the officer had reasonable suspicion to stop appellant's vehicle based upon the prior day's drug activity.
A reviewing court is bound to accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. State v. Klein (1991), 73 Ohio App.3d 486. However, the reviewing court must independently determine, as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627.
The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v. United States (1967), 389 U.S. 347. An investigative stop, or Terry stop, is a common exception to theFourth Amendment warrant requirement. Terry v. Ohio (1968), 392 U.S. 1. Under the Terry stop exception, an officer properly stops an automobile if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. Delaware v. Prouse (1979), 440 U.S. 648, 653; State v. Gedeon (1992), 81 Ohio App.3d 617, 618; State v. Heinrichs (1988), 46 Ohio App.3d 63.
The defendant succinctly argues that the officer lacked reasonable suspicion to stop defendant's vehicle alleging that the stop was based solely upon a belief that defendant was involved in a drug transaction on the previous day. However, a review of the record reveals that the officer's initial stop of defendant was based only in part on his observations of defendant on the previous day. The officer also stopped defendant's vehicle because he considered the vehicle unsafe because its broken window was discharging pieces of glass onto the road. Ibid. We find that the trial court's findings are supported by competent and credible evidence in the record including, but not limited to, the officer's experience and knowledge of drug transactions in that particular area and the uncontested fact of the unsafe condition of defendant's vehicle at the time of the initial stop.
Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANN DYKE, J., CONCUR.