[Cite as *State v. Hahn*, 2013-Ohio-2308.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2012 AP 08 0050 |
| COREY HAHN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the New Philadelphia
                                                          Municipal Court, Case No.   TRC 1003657
                                                          A-B


JUDGMENT:                                      Reversed and Remanded


DATE OF JUDGMENT ENTRY:        June 3, 2013


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

DOUG JACKSON                                DONOVAN HILL
PROSECUTING ATTORNEY             ASSISTANT PUBLIC DEFENDER
150 East High Avenue, Suite 113      153 North Broadway
New Philadelphia, Ohio  44663          New Philadelphia, Ohio  44663

*Wise, J.*

**{¶1}**   Appellant Corey J. Hahn appeals the decision of the New Philadelphia Municipal Court overruling his motion to suppress.

**{¶2}**   Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}**   On July 25, 2010, at approximately 12:54 a.m., the New Philadelphia Police Department received a report of an unknown person outside the residence of 300 11th Street NW, Lot 10 and a noise described as someone trying to open car doors.

**{¶4}**   Officer Paul Rossi was dispatched to the residence and arrived just before 1:00 a.m. to speak with the caller. As Officer Rossi was investigating the call, he noticed a dark green vehicle driving at a high rate of speed leaving from the direction where the noises had originated (T. at 9). Due to the suspicious driving and the proximity to the initial noise complaint, Officer Rossi initiated a stop of the vehicle in an effort to identity the driver and determine whether or not the driver was involved with the noise complaint.

**{¶5}**   Upon initial contact with the driver, later identified as Appellant Corey Hahn, Officer Rossi observed that Appellant's eyes appeared to be bloodshot and glassy. (T. at 10). He further noticed a strong odor of alcohol coming from Appellant's person. *Id.* Officer Rossi also saw open cans of Budweiser beer on the backseat floor. Appellant admitted to drinking earlier in the day, stating that he was heading home for the evening. Officer Rossi decided to investigate the matter further as Appellant was traveling in the opposite direction of his home.

**{¶6}** Officer Rossi, with the assistance of Officer Ty Norris, had Appellant perform field sobriety tests, including the Horizontal Gaze Nystagmus, Walk and Turn, One Leg Stand, Finger to Nose, and reciting the alphabet, all of which Appellant failed.

**{¶7}** Appellant was arrested for violating R.C. §4511.19A(1)(a) and subsequently submitted to a breath test, resulting in a 0.193 BAC.

**{¶8}** In addition to Officer Rossi's own observations, he was able to confirm, via Defendant's license plate number and vehicle description, that the police dispatch had received a call earlier in the evening of the same vehicle driving erratically (T. at 11).

**{¶9}** On November 16, 2010, Appellant filed a Motion to Suppress.

**{¶10}** On February 18, 2011, an oral hearing was held on the motion to suppress. At the suppression hearing, Officer Rossi testified for the State.

**{¶11}** On February 23, 2011, the Magistrate issued a decision overruling Defendant's Motion to Suppress.

**{¶12}** On February 28, 2011, Appellant filed an Objection to the Magistrate's Decision.

**{¶13}** On May 27, 2011, the trial court held an oral hearing on Appellant's objections. In its Judgment Entry filed June 29, 2011, the trial court noted that the Magistrate acknowledged new case law, *State v. Hill,* which had not been available when she issued her decision on February 23, 2011. The trial court remanded the matter to the Magistrate for reconsideration.

**{¶14}** In a decision filed December 28, 2011, the Magistrate reaffirmed her decision to overrule Defendant's Motion to Suppress.

{¶15} On January 5, 2012, Appellant again filed objections. The matter was set for oral hearing before a visiting judge.

{¶16} The oral hearing was held on April16, 2012, and on May 17, 2012, the trial court issued its Judgment Entry overruling Appellant's objection.

{¶17} Appellant now appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶18} "I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS CHALLENGING THE PROBABLE CAUSE OF POLICE OFFICER ROSSI TO CONDUCT A TRAFFIC STOP ON THE DEFENDANT'S VEHICLE AND SUBSEQUENTLY CHARGE HIM WITH OVI, THE COURT'S DECISION IN DOING SO WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ESTABLISHED CASE LAW."

**I.**

{¶19} In his sole Assignment of Error, Appellant argues the trial court erred in denying his motion to suppress. We agree.

{¶20} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *See State v. Klein,* 73 Ohio App.3d 486 (1991), *State v. Guysinger,* 86 Ohio App.3d 592 (1993). Second, an appellant may argue the trial court failed to apply the correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *See State v. Williams,* 86 Ohio App.3d 37 (1993). Finally, assuming the trial court's

findings of fact are not against the manifest weight of the evidence and it has properly identified the law, an appellant may argue the trial court has incorrectly applied the law in deciding the ultimate or final issue raised in the motion to suppress. In reviewing this type of claim, an appellate court must give deference to the trial court and is governed by an abuse of discretion standard; i.e., it must determine whether the trial court's subjective determination of the ultimate issue in the case was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). It is with this framework in mind that we address Appellant's assignment of error.

**{¶21}** When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. *See State v. Dunlap,* 73 Ohio St.3d 308, 314, 1995–Ohio–243; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20.

**{¶22}** In his motion to suppress, Appellant argued that the officer stopped his vehicle without a reasonable, articulable suspicion of criminal activity as required by *Terry v. Ohio* (1968), 392 U.S.1.

**{¶23}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Andrews,* 57 Ohio St.3d 86, 87, 565 N.E.2d 1271 (1991).

**{¶24}** At issue in the case *sub judice* is whether or not Officer Rossi had reasonable, articulable suspicion to stop Appellant's vehicle. An investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable

suspicion that the individual is engaged in criminal activity. *Maumee v. Weisner,* 87 Ohio St.3d 295, 299, 1999–Ohio–68, 720 N.E.2d 507, citing *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868 20 L.Ed.2d 889. Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts that an occupant is or has been engaged in criminal activity. *State v. Gedeon,* 81 Ohio App.3d 617, 618, 611 N.E.2d 972 (11th Dist.1992). Reasonable suspicion constitutes something less than probable cause. *Alabama v. White* (1990), 496 U .S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301. But it requires something more than an "inchoate and unparticularized suspicion or 'hunch'." *Terry v. Ohio* (1968), 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889. "[T]he Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Illinois v. Wardlow* (2000), 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo,* 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), ¶ 2 of the syllabus.

{¶25} In this case, Officer Rossi was responding to a call from a caller complaining that his mother called him and she heard "a bunch of people outside her house and it sounds like they're breaking into cars" and that he "heard what sounded like people opening and closing car doors." (T. at 9, 17).  While he was speaking with the complainant, Officer Rossi saw Appellant's vehicle leaving the trailer park where the noises were heard, at a "high rate of speed." (T. at 9).  Officer Rossi admitted that he did not visually estimate Appellant's speed, nor was speed the reason he stopped the vehicle. (T. at 18-20).  He stated that he did not stop him for any traffic violation. (T. at 20).  He stated the reason he stopped Appellant was based on a complaint that

someone was breaking into cars, the time of night, and the location being a high crime area. (T. at 13, 17). Officer Rossi admitted he had not verified that any crime had been committed or that any cars had been broken into prior to stopping Appellant's vehicle. (T. at 17-18).

{¶26} Upon review, we find Officer Rossi did not observe Appellant engage in any unlawful activity. He only observed Appellant driving out of the trailer park at approximately 1:00 a.m. He admits that Appellant had not been observed or identified as having been involved in any criminal activity. (T. at 22). Based on the totality of the circumstances, we find Officer Rossi did not have reasonable and articulable suspicion of criminal activity.

{¶27} We further find the earlier complaint about the green Ford Escort obtained by Officer Rossi cannot be used to retroactively support a reasonable and articulable suspicion of criminal activity because such call was not the reason he stopped Appellant. (T. at 13). Accordingly, we conclude the trial court erred in denying Appellant's motion to suppress.

{¶28} Appellant's sole Assignment of Error is sustained.

{¶29} The decision of the New Philadelphia Municipal Court, Tuscarawas County, Ohio, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

                                              JUDGES

JWW/d 0520

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                        :
                                               :
-vs-                                           :            JUDGMENT ENTRY
                                               :
COREY HAHN                                     :
                                               :
    Defendant-Appellant                       :            Case No. 2012 AP 08 0050



    For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio, is

reversed and remanded for further proceedings consistent with this opinion.

    Costs assessed to Appellee.


                                        _____


                                        _____


                                        _____

                                                 JUDGES