OPINION
{¶ 1} Erin Weber ("Weber") appeals the May 19, 2003 judgment entry of the Mentor Municipal Court denying her motion to suppress. For the reasons stated below, we affirm the decision of the trial court in this matter.
 {¶ 2} At approximately 2:00 a.m. on March 23, 2003, Weber was traveling eastbound on Mentor Avenue. Officer Raymond O'Brien ("Officer O'Brien") observed Weber swerving in her lane. As a result, Officer O'Brien began to follow Weber. After observing Weber swerve numerous times while he was following her, Officer O'Brien activated his overhead lights and stopped Weber.
 {¶ 3} Weber was subsequently charged with driving under the influence of alcohol. Weber pleaded not guilty. Weber then filed a motion to suppress. The trial court conducted a hearing on the motion on May 19, 2003. At the hearing, Officer O'Brien testified that he observed Weber swerve and come in contact with or nearly contact the curb at least six times. Officer O'Brien further testified that Weber swerved toward the center divider line and came in contact with this line at least 3 times. Officer O'Brien stated that this all occurred within approximately three-fourths of a mile.
 {¶ 4} During cross examination, Officer O'Brien testified that there were no edge lines on the curb side of the street. He further testified that Weber was not speeding and that she never crossed over the center divider line into the other lane. Officer O'Brien finally testified that there was little traffic because of the time of the stop.
 {¶ 5} Based on this evidence, the trial court found that the extent of Weber's swerving was sufficient for Officer O'Brien to effectuate a traffic stop. The trial court, therefore, denied Weber's motion to suppress.
 {¶ 6} Weber subsequently changed her plea to no contest. The trial court accepted her plea and sentenced Weber to five days in jail or, in the alternative, completion of a driver's intervention program and two days of community service, and suspended Weber's license for six months. Weber's sentence was stayed pending this appeal.
 {¶ 7} Weber timely appealed the trial court's decision and raises the following assignment of error:
 {¶ 8} "The trial court erred to the prejudice of defendant-appellant Erin Weber when it denied her motion to suppress because the evidence presented at the hearing was insufficient to show that the police officer who effected this stop had a reasonable and articulable suspicion that the defendant[-]appellant was violating any traffic laws."
 {¶ 9} Weber argues in her sole assignment of error that her acts of weaving were de minimus and, as such, were consistent with innocent behavior. Weber, therefore, claims that, under the totality of the circumstances, the swerving alone, without any claim that she violated any traffic laws, was insufficient to warrant the stop.
 {¶ 10} The trial court acts as trier of fact at a suppression hearing and must weigh the evidence and judge the credibility of the witnesses. State v. Hill, 75 Ohio St.3d 195, 208,1996-Ohio-222. Since the trial court is in the best position to resolve the factual issues, State v. Searls (1997),118 Ohio App.3d 739, 741, citing State v. Mills (1992),62 Ohio St.3d 357, 366, an appellate court is bound to accept the trial court's factual determinations as long as they are supported by competent and credible evidence. Searls,118 Ohio App.3d at 741. Once the appellate court accepts the trial court's factual determinations, the appellate court conducts a de novo review of the trial court's application of the law to these facts. Id.
 {¶ 11} Neither party challenges the trial court's factual findings regarding Weber's weaving within a three quarter mile stretch of Mentor Avenue. Moreover, the record supports these findings. Thus, since the factual determinations are supported by competent and credible evidence, we must accept these factual findings as accurate. We now must "independently determine as a matter of law whether the applicable legal standard has been satisfied." See State v. Burrows, 11th Dist. No. 2000-T-0089, 2002-Ohio-1961, 2002 Ohio App. LEXIS 1918, at *8, citing Statev. Retherford (1994), 93 Ohio App.3d 586, 592.
 {¶ 12} The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." The Fourth Amendment is enforceable against the states through the Due Process Clause of the Fourteenth Amendment. Mapp v. Ohio (1961), 367 U.S. 643, 655. Stopping a vehicle and detaining its occupants is a seizure within the meaning of the Fourth Amendment. Delaware v. Prouse (1979),440 U.S. 648, 653, citing United States v. Martinez-Fuerte (1976),428 U.S. 543, 556-558.
 {¶ 13} To justify an investigative stop of a motorist, an officer must have "a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent." State v. Gedeon (1992), 81 Ohio App.3d 617, 618, citing Terry v. Ohio (1968), 392 U.S. 1, 21 (an officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion"). Reasonable suspicion must be viewed in light of the totality of the circumstances. State v. Bobo
(1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 14} "Recognizing that all drivers weave within their own lane to a certain extent," Kirtland v. Grunz (Sept. 22, 1995), 11th Dist. Nos. 95-L-009, 95-L-010, 1995 Ohio App. LEXIS 4112, at *7, "police officers may lawfully stop a motor vehicle solely on the basis that the vehicle is weaving * * * only when the extent of the weaving [is] * * * substantial." Willoughby v. Mazura
(Sept. 30, 1999), 11th Dist. No. 98-L-012, 1999 Ohio App. LEXIS 4642, at *9 (citation omitted). In other words, the extent of the weaving must give "some indicia of erratic driving." State v.Spikes (June 9, 1995), 11th Dist. No. 94-L-187, 1995 Ohio App. LEXIS 2649, at *8. Therefore, "excessive weaving in a short distance may be tantamount to erratic driving and, thus, sufficient to permit the officer to further investigate the conditions underlying the driver's actions." Id. at *12.
 {¶ 15} In this case, Officer O'Brien testified that, in a three quarter mile stretch, Weber was weaving back and forth, "using the entire lane, going from the left to the right." He further testified that in so weaving, Weber came in contact with the center divider line at least three times and struck or nearly struck the curb at least six times. Based upon this uncontraverted testimony, we find that Weber's weaving was excessive and that her driving was erratic. Thus, Officer O'Brien was warranted in effectuating a stop of Weber, even though she did not commit any traffic violations. See State v. Farley
(Feb. 11, 1994), 11th Dist. No. 93-L-078, 1994 Ohio App. LEXIS 470, at *5 (even though the defendant did not commit any traffic violations, the defendant's weaving from side to side, approximately 12 times within one mile, was sufficient to justify the stop of the defendant's vehicle); Gedeon,81 Ohio App.3d at 618-619 (the officer's observations of the defendant weaving within his own lane numerous times was sufficient to justify the officer's stop of the defendant); cf. Mentor v. Phillips (Dec. 29, 2000), 11th Dist. No. 99-L-119, 2000 Ohio App. LEXIS 6207, at *7 (the officer's stop of the defendant was not permissible where the defendant only came in contact with the divider line twice and never swerved towards the curb);[1] Grunz,
1995 Ohio App. LEXIS 4112, at *8 (officer's justification for effectuating the stop was insufficient where the officer only noted that it "appeared" the defendant was weaving and only observed three to four instances of weaving); Spikes, 1995 Ohio App. LEXIS 2649, at *8-*10 (weaving four times within three miles, without any further observations of erratic driving, is insufficient to warrant the officer's stop of the defendant).
 {¶ 16} For the foregoing reasons, we hold that Weber's sole assignment of error is without merit. The decision of the Mentor Municipal Court is affirmed.
Judgment affirmed.
O'Neill, J., concurs.
Christley, J., concurs in judgment only.
[1] Our decision in no way should be seen as overruling Mentorv. Phillips (Dec. 29, 2000), 11th Dist. No. 99-L-119, 2000 Ohio App. LEXIS 6207. In Phillips, this court held that two minor instances of a large truck coming in contact in with the center divider line did not amount to erratic driving. Id. at *7. Whereas in this case, we find that the Weber's multiple contacts with the center divider line, the numerous times she contacted or came close to contacting the curb, and the continuous weaving in a three quarter mile stretch constitutes erratic driving.