[Cite as *State v. Yallah*, 2018-Ohio-2251.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2017-L-086**<br>**2017-L-087** |
| DANIEL T. YALLAH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Mentor Municipal Court, Case Nos. 2017 CRB 00268 and 2017 TRC 00542.

Judgment: Affirmed.

*Lisa M. Klammer,* Mentor City Prosecutor, 8500 Civic Center Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Daniel T. Yallah, appeals from the judgment of the Mentor Municipal Court, denying his motion to suppress evidence. At issue is whether the officer possessed reasonable suspicion to initiate the traffic stop which led to appellant's ultimate plea of no contest to operating a vehicle under the influence ("OVI") and open container. For the reasons discussed in this opinion, we affirm.

{¶2}    At approximately 8:00 p.m. on February 12, 2017, Officer Matthew Jacob of the Mentor Police Department received a dispatch regarding a vehicle that was driving recklessly on Mentor Avenue. Dispatch stated the vehicle was reported by an identified citizen informant. Officer Jacob was provided the vehicle's color (tan), make and model (Ford Taurus), as well as the direction it was traveling (towards SR 306). Within seconds, the officer pulled behind appellant's vehicle, a tan Mercury Sable, in the left-most (passing) lane of the four-lane road. The officer explained the Ford Taurus and Mercury Sable are nearly identical vehicles and there were no other tan sedans matching the description in the area.

{¶3}    Officer Jacob followed behind the vehicle as they came to a red light. When the light turned green, the officer noted it accelerated quickly and veered left into the intersection. As they proceeded, Officer Jacob observed what he believed to be a marked-lane violation as it weaved to the far right in the left-most lane. The dash-cam video shows appellant's vehicle coming very close to the marked lane, but does not obviously demonstrate the tires touching, let alone crossing the lane. After weaving back into the center of the lane, the vehicle braked "pretty hard" as a separate motorist crossed into its lane. According to the officer, the braking was seemingly unnecessary because there was sufficient distance between the other motorist and appellant's vehicle. Finally, Officer Jacob observed appellant drift into the far left of the lane, coming within inches of touching the center line. Based upon his observations as well as the information from dispatch, the officer initiated a traffic stop.

**{¶4}** Appellant was charged with OVI and marked lanes. He filed a motion to suppress, which the trial court denied. Appellant subsequently entered pleas of no contest to the charges. This appeal follows.

**{¶5}** Appellant's assignment of error provides:

**{¶6}** "The trial court erred by denying the defendant-appellant's motion to suppress in violation of his due process rights and rights against unreasonable search and seizure as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 and 14, Article I of the Ohio Constitution."

**{¶7}** "'An appellate court's review of a motion to suppress presents a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 332, * * *. In reviewing the trial court's findings of fact, an appellate court must give due weight to inferences drawn from those facts by the trial court because the trial court is in the best position to resolve questions of fact and evaluate the credibility of witnesses. *State v. Hopfer* (1996), 112 Ohio App.3d 521, 548, * * * appeal not allowed (1996), 77 Ohio St.3d 1488, * * *. Accordingly, an appellate court reviews a trial court's findings of fact only for clear error. *State v. Russell* (1998), 127 Ohio App.3d 414, 416, * * *. A trial court's legal conclusions, however, are reviewed by an appellate court de novo. *Id.* at 416.' *State v. Yeager,* 9th Dist. Summit Nos. 21091, 21112, 21120, 2003-Ohio-1808, ¶5." (Parallel citations omitted.) *State v. Guzzi,* 11th Dist. Lake No. 2014-L-101, 2015-Ohio-4426, ¶6.

**{¶8}** "The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if the officer has a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred

3

or is imminent." *State v. Gedeon*, 81 Ohio App.3d 617, 618 (11th Dist.1992), citing *Terry v. Ohio*, 392 U.S. 1 (1968). To assess the propriety of an investigative stop, a court is required to evaluate the "totality of the circumstances" at the base of an officer's suspicion. *State v. Bobo*, 37 Ohio St.3d 177 (1988), paragraph one of the syllabus. An individual operating an automobile cannot be stopped if an officer does not possess the requisite reasonable suspicion based on specific and articulable facts. *State v. Chatton*, 11 Ohio St.3d 59, 61 (1984).

{¶9} Several appellate districts, including this court, have reasoned that weaving within a lane can lend support to an investigatory stop, even when such weaving itself is not illegal. *Gideon*, *supra*; *see also State v. Flanagan* 9th Dist. Wayne No. 99CA0045, 2000 WL 763332, *2 (June 14, 2000); *State v. Lynn*, 4th Dist. Hocking No. 92 CA 8, 1992 WL 368826, *2 (Dec. 4, 1992). Furthermore, "erratic driving" is sufficient to justify an investigative stop based upon an officer's reasonable suspicion that a driver may be operating the vehicle under the influence of alcohol. *Kirtland Hills v. Metz*, 11th Dist. Lake No. 2005-L-197, 2006-Ohio-3413, ¶12. "Significant weaving within one's lane can rise to the level of erratic driving and reasonable suspicion that the driver of the vehicle is impaired to justify a stop, even if there are no other traffic violations." *Id.*, citing *State v. Weber,* 11th Dist. Lake No. 2003-L-090, 2004-Ohio-2444, ¶15.

{¶10} Under his assigned error, appellant argues Officer Jacob lacked reasonable, articulable suspicion to believe that he was operating his vehicle in violation of the law. He asserts the identified citizen's tip was conclusory and lacked sufficient

detail. Further, he maintains his de minimus weaving within his lane did not provide an adequate basis to initiate an investigative stop.

{¶11} The state maintains the identified citizen informant's tip that a vehicle, identified by Officer Jacob as appellant's, was driving recklessly, was sufficient to justify the investigative stop. And, even if insufficient, the state asserts the officer testified he observed what appeared to be a marked-lanes violation that served as an adequate basis to initiate the stop. Finally, even if the foregoing are not together sufficient, the state maintains the totality of the circumstances provided reasonable suspicion to support Officer Jacob's initiation of the stop.

{¶12} In determining an informant's reliability and veracity, courts often consider whether the informant is a (known or unknown) criminal informant, an anonymous informant, or an identified citizen informant. *Maumee v. Weisner,* 87 Ohio St.3d 295, 300 (1999). "While the United States Supreme Court discourages conclusory analysis based solely upon these categories, insisting instead upon a totality of the circumstances review, it has acknowledged their relevance to an informant's reliability." *Id.* In *Weisner,* the Ohio Supreme Court determined an informant who provided law enforcement with his name, cell phone number, and home phone number, but never had face-to-face contact with law enforcement, was properly classified as an identified citizen informant. *Id.* at 302. In this case, the record reflects the citizen informant provided her name to dispatch. The informant was therefore identified and, as such, a presumption arises that the information she provided was reliable. *State v. Garner*, 74 Ohio St.3d 49, 63 (1995).

{¶13} Officer Jacobs possessed the presumptively reliable tip that a vehicle matching appellant's vehicle was driving recklessly. The term recklessly, without more detail, is not, unto itself, sufficient to provide reasonable, *articulable* suspicion to support the stop. The tip, however, must be considered in relation to the remaining facts disclosed by the officer which led to his decision to initiate the stop.

{¶14} Upon pulling behind the vehicle at a red light, the officer testified it "accelerated quicker than normal," causing the car to shift backwards. The vehicle then veered to the left of the marked lane and then far right. The officer testified he believed the vehicle's right rear tire touched the boundary of the marked-lane. The trial court did not expressly find appellant's deviation onto the marked-line was sufficient to justify the stop. Regardless, the movement, especially in light of the officer's testimony, is clearly an aspect of circumstances that, in their totality, must be considered.

{¶15} Next, the officer testified the vehicle made a "hard brake" when another vehicle changed lanes. According to the officer, the other vehicle was far enough in front of appellant's vehicle that braking, in his view, was unnecessary. Finally, the officer observed appellant's vehicle drift again to the far left of its lane. The officer's observations occurred over a 20-25 second timeframe. In light of the identified citizen's tip that a vehicle matching appellant's vehicle was driving recklessly as well as Officer Jacob's observations of appellant's erratic driving within such a short period, we conclude the totality of the circumstances provided reasonable, articulable suspicion for the stop. Thus, the trial court did not err in denying appellant's motion to suppress evidence.

{¶16} Appellant's sole assignment of error lacks merit.

{¶17} For the reasons discussed in this opinion, the judgment of the Mentor Municipal Court is affirmed.


DIANE V. GRENDELL, concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.