[Cite as *Conneaut v. Rowe*, 2019-Ohio-413.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, CITY OF CONNEAUT, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-A-0026** |
| JODI I. ROWE, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Conneaut Municipal Court, Case No. 2017 TRC 1010.

Judgment: Reversed and remanded.

*Christopher M. Newcomb*, Assistant Conneaut Law Director, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellant).

*Timothy J. Kucharski*, Richardson & Kucharski Co., L.P.A., 1200 West Third Street, Suite 190, Cleveland, OH 44113 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1}   Plaintiff-appellant, the City of Conneaut, appeals the March 1, 2018 Order of the Conneaut Municipal Court, granting defendant-appellee, Jodi I. Rowe's, Motion to Suppress.  The issue before this court is whether a police officer may initiate an investigatory stop based upon an informant's tip, including the informant's identity and description of the suspect behavior, and the officer's own observation of the suspect's erratic driving.  For the following reasons, we reverse the decision of the court below and remand for further proceedings consistent with this opinion.

{¶2} On July 3, 2017, Rowe was issued a Complaint, charging her with Driving while under the Influence of Alcohol, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a); failure to wear a seat belt, a minor misdemeanor in violation of Conneaut Codified Ordinance 337.27(b)(1); and failure to drive in marked lanes or continuous line of traffic, a minor misdemeanor in violation of Conneaut Codified Ordinance 331.08(a)(1).

{¶3} On July 5, 2017, Rowe appeared before the municipal court and entered a plea of "not guilty" to all charges.

{¶4} On November 7, 2017, Rowe filed a Motion Pursuant to Crim.R. 12 (Suppress/Dismiss/In Limine), asserting, inter alia, that "[t]here was no probable cause to stop or detain the Defendant."

{¶5} On December 18, 2017, and February 5, 2018, a hearing was held on Rowe's Motion.

{¶6} On March 1, 2018, the municipal court issued an Order, granting the Motion to Suppress and dismissing the case. The court found, in relevant part, as follows:

> On July 3, 2017, Patrolman Dan Patriarco was on duty at 8:00 P.M. in a marked patrol car. A call was placed into dispatch of a vehicle all over the roadway at Lake Road and Burrington Heights. Patrolman Patriarco was uptown and headed down toward the Harbor area. He observed a small light blue vehicle located at Broad and Lake Road. The vehicle was headed toward the public dock downhill with a car in between himself and the Defendant. Patrolman Patriarco testified he followed the Defendant down Broad Street for about one minute. The Defendant's vehicle was going down the curve toward the bottom of the hill when it almost went into the rocks. The Defendant's vehicle stopped after the vehicle in between flew around the Defendant. Patrolman Patriarco activated his overheads and the vehicle pulled into the Breakwall parking lot. He further testified the vehicle started to take

off and he yelled. He made the traffic stop for almost going off the road into rocks. He testified the maneuvering was excessive.

Patrolman Patriarco identified the driver as the Defendant, Jodi Rowe. Patrolman Patriarco observed the Defendant holding a wine goblet in her left hand. He took the goblet from the Defendant and placed it on the hood of her car. He testified he could smell alcohol pretty strong. He testified she couldn't function, she couldn't hand him her driver's license and she stumbled when she got out of the vehicle to perform field sobriety tests.

* * *

In the case at bar, no evidence was introduced regarding the anonymous caller into dispatch. No evidence was presented on the caller's name, address, basis of his or her knowledge, etc. Consequently, the Court is unable to determine the reliability of the tip of a "vehicle … driving all over the road" in "the area of Lake Road and Burrington Heights." However, if an officer observes a traffic violation an investigatory stop is more than valid and the officer has lawful cause to stop the Defendant. Accordingly, the determinative issue is whether Patrolman Patriarco had probable cause to initiate the traffic stop, i.e., whether he observed a marked lanes violation.

In the case at bar, Patrolman Patriarco testified to a marked lane violation both on direct and cross-examination. The patrolman testified on direct examination as follows:

Q: When you said, "almost off the right side of the road," could you describe that?

A: It's just asphalt and there's rock on the right side and the grass. The vehicle almost went into the rocks.

…

Q: So you stated that the car went into the rock and almost into the grass?

A: Almost into the rocks.

On cross-examination the patrolman reiterated his testimony that the Defendant did not go into the gravel. Further, there was no dash cam video available. Consequently the patrolman's testimony did not support the defendant's stop for Marked Lanes in violation

3

of Conneaut Codified Ordinance 331.08([a])(1) leading to charges for Driving a Motor Vehicle Under the Influence of Alcohol or Drug of Abuse in violation of R.C. 4511.19(A)(1)([a]) and Safety Belt in violation of Conneaut Codified Ordinance 337.27([b])(1).

{¶7} On March 2, 2018, the City of Conneaut filed a Notice of Appeal.

{¶8} On appeal, Conneaut raises the following assignment of error:

{¶9} "[1.] The trial court committed prejudicial error in granting the motion to suppress filed by Appellee, Jodi Rowe, finding that the testimony of Patrolman Patriarco did not support the stop of Appellee's vehicle which led to a charge of operating a motor vehicle under the influence of alcohol or drugs in violation of O.R.C. §4511.19(A)(1)(a) and Safety Belt violation under City of Conneaut Ordinance §337.27([b])(1)."

{¶10} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. At a suppression hearing, "the trial court is best able to decide facts and evaluate the credibility of witnesses." *State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, ¶ 41. "Its findings of fact are to be accepted if they are supported by competent, credible evidence, and we are to independently determine whether they satisfy the applicable legal standard." *Id.* The reviewing court must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Citation omitted.) *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12; *State v. Paolucci*, 2018-Ohio-1332, 110 N.E.3d 548, ¶ 11 (11th Dist.) ("[o]nce the appellate court accepts the trial court's factual determinations, the appellate court conducts a de novo review of the trial court's application of the law to these facts") (citation omitted).

4

{¶11} "The United States Supreme Court has interpreted the Fourth Amendment to permit police stops of motorists in order to investigate a reasonable suspicion of criminal activity." *Maumee v. Weisner*, 87 Ohio St.3d 295, 299, 720 N.E.2d 507 (1999). "The reasonable suspicion necessary for such a stop * * * involves a consideration of 'the totality of the circumstances,'" including "'both the content of information possessed by police and its degree of reliability.'" (Citations omitted.) *Id.*

{¶12} The municipal court erred in suppressing the stop of Rowe on the grounds that there was no evidence regarding the reliability of "the anonymous caller into dispatch," and in its conclusion that Patrolman Patriarco's observations of Rowe's driving did not justify an investigatory stop. As a matter of law, the caller who reported Rowe's erratic driving was not "anonymous," and the erratic driving dispatch along with Patriarco's observations satisfy the reasonable suspicion standard for effecting an investigatory stop.

{¶13} Patrolman Patriarco testified that, on the day in question, he received a dispatch reporting a blue vehicle "traveling in the middle of the roadway" and that "the vehicle was driving all over the road * * * in the area of Lake Road and Burrington Heights." He further testified that "the phone number and the name was given on the caller."[1] The information in the dispatch was corroborated when Patriarco observed a blue vehicle at the intersection of Broad and Lake Road. He followed the vehicle and observed it drift to the edge of the paved roadway (there was no marked fog line on this

---

1. It is uncertain whether the municipal court overlooked Patrolman Patriarco's testimony that the caller provided his name and phone number to the dispatcher or whether the court determined the caller to be anonymous because his name and phone number were not introduced into the record. If the former, the court's conclusion is not supported by competent and credible evidence. If the latter, the court applied an incorrect legal understanding of what constitutes an "anonymous" caller.

portion of road) and then come to a complete stop in the roadway. When the vehicle accelerated again Patriarco activated his overhead lights and effected a stop.

**{¶14}** "A telephone tip can, by itself, create reasonable suspicion justifying an investigatory stop where the tip has sufficient indicia of reliability." *Weisner*, 87 Ohio St.3d 295, 720 N.E.2d 507, at paragraph two of the syllabus. "Factors considered "'highly relevant in determining the value of [the informant's] report'" are the informant's veracity, reliability, and basis of knowledge." (Citations omitted.) *Id.* at 299. An identified citizen informant is accorded "greater reliability" and "[i]nformation from an ordinary citizen who has personally observed what appears to be criminal conduct * * * is presumed to be reliable." *Id.* at 300. The fact that a caller provides his name and phone number and specific information about a suspected drunk driver is "sufficient to identify the informant and remove him from the anonymous informant category." *Id.* at 301-302.

**{¶15}** Here, Patrolman Patriarco received information of erratic driving from a caller who identified himself, provided his phone number, and gave an accurate description of the suspect vehicle and its location. Not only was this information presumptively reliable, but it was corroborated by Patriarco's own observations. The lower court was without justification in suppressing the stop. *See generally State v. Yu*, 11th Dist. Geauga Nos. 2014-G-3209 and 2014-G-3210, 2015-Ohio-637; *State v. Yallah*, 11th Dist. Lake Nos. 2017-L-086 and 2017-L-087, 2018-Ohio-2251, ¶ 15 ("[i]n light of the identified citizen's tip that a vehicle matching appellant's vehicle was driving recklessly as well as Officer Jacob's observations of appellant's erratic driving within

6

such a short period * * * the totality of the circumstances provided reasonable, articulable suspicion for the stop").

{¶16} Conneaut's sole assignment of error is with merit.

{¶17} For the foregoing reasons, the Order of the Conneaut Municipal Court, granting Rowe's Motion to Suppress and dismissing the case, is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.


THOMAS R. WRIGHT, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶18} I respectfully dissent.

{¶19} Appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8. "An appellate court reviewing a motion to suppress is bound to accept the trial court's findings of fact where they are supported by competent, credible evidence." *State v. Warner*, 11th Dist. Portage No. 2013-P-0056, 2014-Ohio-1874, ¶20. Accepting the facts as true, the reviewing court independently determines, as a matter of law and without deference to the trial court's determination, whether its conclusion was consistent with the applicable legal standard. *Id.*

7

{¶20} ""'Initially, a law enforcement officer may momentarily stop and detain an individual without a warrant (a *Terry* stop) when the officer has a reasonable suspicion based on specific, articulable facts that criminal activity has just occurred or is about to take place." *State v. Evans* (1998), 127 Ohio App.3d 56, 60 (* * *), citing *Terry v. Ohio* (1968), 392 U.S. 1 * * *. "This is an exception to the warrant requirement under the Fourth Amendment. *Id.* Whether police have a 'reasonable suspicion' is gleaned from considering the totality of the circumstances." *State v. Andrews* (1991), 57 Ohio St.3d 86, 87 * * *.' (Parallel citations omitted.) *State v. Maloney,* 11th Dist. No. 2007-G-2788, 2008-Ohio-1492, at ¶22." *State v. Kesler*, 11th Dist. Portage No. 2007-P-0107, 2008-Ohio-4668, ¶20.

{¶21} ""'[A] telephone tip can, by itself, create reasonable suspicion justifying an investigatory stop where the tip has sufficient indicia of reliability.'" *State v. Maloney,* 11th Dist. No. 2007-G-2788, 2008-Ohio-1492, at ¶25, quoting [*Maumee v.*] *Weisner,* 87 Ohio St.3d 295, at paragraph two of the syllabus.

{¶22} Here, this writer finds that the trial court did not err when it determined that Officer Patriarco did not have a reasonable suspicion to initiate Rowe's traffic stop.

{¶23} The trial court reached its conclusion for two reasons. First, it found that the dispatch calls did not provide Officer Patriarco with probable cause. Second, it found that Officer Patriarco independently lacked probable cause because he did not observe a marked lane violation. Namely, Officer Patriarco admitted in his testimony that Rowe did not drive the vehicle off the side of the road and into the gravel.

{¶24} City of Conneaut Codified Ordinance 331.08 parallels R.C. 4511.33(A) which states:

{¶25} "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

{¶26} "(1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

{¶27} Officer Patriarco testified to a marked lane violation. However, he reiterated that Rowe did not go into the gravel. Further, there was no dash cam video available. In addition, there was no evidence introduced regarding the anonymous caller into dispatch. There was no evidence presented on the caller's name, address, or basis of his or her knowledge. As a result, the trial court was unable to determine the reliability of the tip regarding a vehicle "driving all over the road." Consequently, Officer Patriarco's testimony did not support Rowe's stop for a Marked Lanes violation leading to charges for operating a motor vehicle under the influence of alcohol or drugs and a Safety Belt violation. The trial court did not err in granting Rowe's motion to suppress and dismissing the case.

{¶28} This writer finds the state's sole assignment of error is without merit, and for the foregoing reasons, I would affirm the trial court's judgment.

{¶29} I respectfully dissent.